RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
Nardo@Raynardo.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Christina Bonano, <br><br>                     Plaintiff, <br><br>    --against— <br><br> MDC Tavern Corp. d/b/a Carousel, Mark E. Carney, an individual, Dennis Charette, an individual, Gregory Robert Walsh, an individual, <br><br>                     Defendants. | **COMPLAINT** |

Plaintiff, Christina Bonano, ("Plaintiff") by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, MDC Tavern Corp. d/b/a Carousel  and Mark E. Carney, Dennis Charette, and Gregory Robert Walsh jointly and severally (collectively referred herein as "defendants") allege:

**NATURE OF THE ACTION**

1.    This action seeks to recover unpaid minimum wage and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL") on behalf of Plaintiff.

2.    Defendants deprived Plaintiff of the protections of the FLSA and NYLL by

failing to pay minimum wage for all hours worked in excess of 40 hours per week.

## JURISDICTION

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.    This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6.    Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391 because the corporate defendant is located there and the cause of action arose there.

## THE PARTIES

**Plaintiff**

7.    Defendants employed Plaintiff as a Bartender  to perform the following duties from on or about January 19, 2024 through February 23, 2025:  receiving orders from dancers and customers, mixing drinks, writing cards for champagne rooms, accepting payment for drinks, cleaning glasses, and stocking beers.

8.    Plaintiff was not exempt from the FLSA.

9.    Defendants employed Plaintiff 3  per week, from for approximately 26.25 hours each week.

10.  Defendants paid Plaintiff as follows: $50 per 8.75 hour shift.

11. In addition, the following deductions were required from Plaintiff's pay: 13% for each credit card transactions.

12. Defendants did not pay Plaintiff minimum wage.

13. Plaintiff was not permitted an uninterrupted half hour for required meal breaks.

14. Plaintiff was an "employee" of defendants within the meaning of the FLSA and the NYLL.

15. Plaintiff did not contribute money to the maintenance of MDC Tavern Corp. d/b/a Carousel.

16. Defendants did not require Plaintiff to have any training at MDC Tavern Corp. d/b/a Carousel.

**Defendants**

17. Defendant MDC Tavern Corp. d/b/a Carousel, is a New York corporation with its principal executive office located at 522 East Jericho Turnpike, Huntington Station, NY 11746 in the County of Suffolk.

18. Defendants operate an establishment providing adult entertainment an establishment providing adult entertainment located in SuffolkSuffolk County, New York.

19. Defendant MDC Tavern Corp. d/b/a Carousel is in the Hospitality business.

20. Defendant MDC Tavern Corp. d/b/a Carousel is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise

working on goods or materials that have been moved in or produced for commerce by any person, including  alcohol, soda, napkins, silverware, tables, chairs, and computers, and (2) an annual gross volume of sales in excess of $500,000.

21.  Defendant MDC Tavern Corp. d/b/a Carousel,  is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiff.

22.  Defendant Mark E. Carney is an owner and/or officer of MDC Tavern Corp. d/b/a Carousel . Defendant Mark E. Carney  exercises sufficient control over both corporations' operations to be considered Plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein, established and exercised authority regarding Defendants' employment and pay practices.

23.  At all relevant times, Mark E. Carney  has maintained control, oversight, and direction over Plaintiff because Mark E. Carney  hired Plaintiff, terminated Plaintiff, and set Plaintiff's rate of pay.

24.  Defendant Dennis Charette is an owner and/or officer of MDC Tavern Corp. d/b/a Carousel.  Defendant Dennis Charette exercises sufficient control over both corporations' operations to be considered Plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein, established and exercised authority regarding Defendants' employment and pay practices.

25.  At all relevant times, Defendant Dennis Charette has maintained control,

oversight, and direction over Plaintiff because Dennis Charette hired Plaintiff, terminated Plaintiff, and set Plaintiff's rate of pay.

26.  Defendant Gregory Robert Walsh is an owner and/or officer of MDC Tavern Corp. d/b/a Carousel.  Defendant Gregory Robert Walsh exercises sufficient control over both corporations' operations to be considered Plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein, established and exercised authority regarding Defendants' employment and pay practices.

27.  At all relevant times, Defendant Gregory Robert Walsh has maintained control, oversight, and direction over Plaintiff because Gregory Robert Walsh hired Plaintiff, terminated Plaintiff, and set Plaintiff's rate of pay.

28.  The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

**DEFENDANTS' FAILURE TO PAY MINIMUM WAGE**

29.  Defendants suffered or permitted Plaintiff to work without paying Plaintiff minimum wage.

30.  Defendants did not issue Plaintiff a valid tip credit notice to Plaintiff.

**DEFENDANTS' VIOLATIONS OF THE
WAGE THEFT PREVENTION ACT**

31.  The NYLL and Wage Theft Prevention Act requires employers to provide all