UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Index No.: 2:25-cv-01660
CHRISTINA BONANO,

                              Plaintiff,

      -against-                                             **ANSWER**

MDC TAVERN CORP. d/b/a CAROUSEL, MARK
E. CARNEY, an individual, DENNIS CHARETTE,
an individual, GREGORY ROBERT WALSH, an
individual,

                              Defendants.
-------------------------------------------------------------------X

      Defendants, MDC Tavern Corp. d/b/a Carousel, Mark E. Carney, an individual, Dennis

Charette an individual, Gregory Robert Walsh, an individual (hereinafter "Defendants"), by their

attorneys **FRANKLIN, GRINGER & COHEN, P.C.,** as and for their answer to Plaintiff's

Complaint (the "Complaint"), allege as follows:

## NATURE OF ACTION

1.  Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2.  Defendants deny the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION

3.  The third paragraph of the Complaint sets forth a legal conclusion that Defendants are not

    obligated to answer; to the extent it may be read as setting forth any allegations of fact,

    Defendants deny those allegations.

1

4.  The fourth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

5.  The fifth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

## VENUE

6.  The sixth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

## THE PARTIES

**Plaintiff**

7.  Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.  The eighth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

9.  Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.  Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11.  Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12.  Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13.  Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. The fourteenth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

15. Defendants admit to the allegations contained in Paragraph 15 of the Complaint.

16. Defendants admit to the allegations contained in Paragraph 16 of the Complaint.

17. Defendants admit that it is located at 522 East Jericho Turnpike, Huntington Station, New York 11746.

18. Defendants admit that they operate an establishment providing adult entertainment in Suffolk County, New York.

19. Defendants admit to the allegations contained in Paragraph 19 of the Complaint.

20. The twentieth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

21. The twenty-first paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

22. The twenty-second paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations, and set forth that Mark E. Carney is deceased.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint, and set forth that Mark E. Carney is deceased.

24. The twenty-fourth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. The twenty-eighth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

### DEFENDANTS' FAILURE TO PAY MINIMUM WAGE

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

### DEFENDANTS' VIOLATION OF THE WAGE THEFT PREVENTION ACT

31. The thirty-first paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

32. The thirty-second paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

33. The thirty-third paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Defendants deny those allegations.

34. The thirty-fourth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Defendants deny those allegations.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

## SPREAD OF HOURS PAY

38. The thirty-eighth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Defendants deny those allegations.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

## DEFENDANTS' UNLAWFUL DEDUCTION FROM WAGES

40. The fortieth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. The forty-second paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

### FIRST CAUSE OF ACTION
### (FLSA – Unpaid Minimum Wage)

43. As to Paragraph 43 of the Complaint, Defendants repeat and reallege its answers to each and every allegation contained in Paragraphs 1 to 42 of the Complaint as if fully set forth herein.

44. The forty-fourth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

45. The forty-fifth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

46. The forty-sixth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

47. The forty-seventh paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. The forty-ninth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

50. The fiftieth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

**SECOND CAUSE OF ACTION**
**(NYLL – Unpaid Minimum Wage)**

51. As to Paragraph 51 of the Complaint, Defendants repeat and reallege its answers to each and every allegation contained in Paragraphs 1 to 50 of the Complaint as if fully set forth herein.

52. The fifty-second paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

53. The fifty-third paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

54. The fifty-fourth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

55. The fifty-fifth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

56. The fifty-sixth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

57. The fifty-seventh paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

**THIRD CAUSE OF ACTION**
**(NYLL – Failure to Provide Wage Notices)**

58. As to Paragraph 58 of the Complaint, Defendants repeat and reallege its answers to each and every allegation contained in Paragraphs 1 to 58 of the Complaint as if fully set forth herein.

59. The fifty-ninth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

60. The sixtieth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

61. The sixty-first paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

**FOURTH CAUSE OF ACTION**
**(NYLL – Failure to Provide Wage Statements)**

62. As to Paragraph 62 of the Complaint, Defendants repeat and reallege its answers to each and every allegation contained in Paragraphs 1 to 61 of the Complaint as if fully set forth herein.

63. The sixty-third paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

64. The sixty-fourth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

65. The sixty-fifth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

## FIFTH CAUSE OF ACTION
### (Spread of Hours Pay)

66. As to Paragraph 66 of the Complaint, Defendants repeat and reallege its answers to each and every allegation contained in Paragraphs 1 to 65 of the Complaint as if fully set forth herein.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. The sixty-eighth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

69. The sixty-ninth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

### SIXTH CAUSE OF ACTION
### (Unlawful Wage Deductions)

70. As to Paragraph 70 of the Complaint, Defendants repeat and reallege its answers to each and every allegations contained in Paragraphs 1 to 69 of the Complaint as if fully set forth herein.

71. The seventy-first paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. The seventy-fourth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

75. The seventy-fifth paragraph of the Complaint sets forth a legal conclusion that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

76. The Complaint fails to state any claims by Plaintiff against Defendants upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

77. This Court lacks subject matter jurisdiction over all of Plaintiff's claims.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

78. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or filing periods and/or by the doctrine of laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

79. Defendants did not engage in willful conduct in violation of the NYLL and, at all times relevant to this action, acted in good faith and based upon a reasonable belief that its acts and/or omissions were not in violation of the NYLL. Accordingly, Plaintiff is not entitled to recover an award for liquidated damages for willful conduct pursuant to the NYLL.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

80. Defendants did not engage in violation of the FLSA and, at all times relevant to this action, acted in good faith and based upon reasonable belief that its acts or omissions were not in violation of the FLSA. Accordingly, pursuant to the FLSA, Plaintiff's statute of limitations is two years.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

81. Plaintiff is not entitled to liquidated damages because Defendants acted in good faith and had reason to belief its actions and/or omissions did not willfully violate federal and/or state law.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

82. Plaintiff's claims are barred, in whole or in part, by equitable defenses, including the doctrines of equitable estoppel, waiver and/or unclean hands.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

83. Because no discovery has been taken at this state of the case, Defendants reserve the right to file and serve additional defenses, as appropriate.

11

**WHEREFORE,** Defendants demand judgment dismissing the Complaint in its entirety.

Dated: Garden City, New York
       May 13, 2025

/s/ _____

Michael D. Yim, Esq
**FRANKLIN, GRINGER & COHEN, P.C.**
*Attorneys for Defendants*
666 Old Country Road, Suite 202
Garden City, New York 11530
(516) 228-3131
(516) 228-3136 Fax
jpatel@franklingringer.com

To:   Raymond Nardo, Esq.
      **Raymond Nardo, P.C.**
      *Attorneys for Plaintiff*
      129 Third Street
      Mineola, New York 11501
      (516) 248-2121
      Nardo@Raynardo.com

12